OPINION
{¶ 1} Appellant, Roberto D. Grayer, appeals from his sentence for one count of aggravated burglary and two counts of felonious assault. We affirm.
 {¶ 2} On May 12, 2002, Grayer, who was seventeen at the time, and two friends, robbed the Marc's store located in Willoughby Hills, Ohio. Grayer had been employed at the store for the eleven months preceding the robbery. During the course of the crime, Grayer beat Lorraine Burich and Thomas Severovich with a miniature baseball bat causing severe injury to both. The victims were fifty and seventy-eight years old respectively.
 {¶ 3} Grayer was indicted on two counts of attempted murder, R.C. 2903.02 and 2923.02, first degree felonies; three counts of aggravated robbery, R.C. 2911.01(A)(1), first degree felonies; two counts of felonious assault, R.C. 2903.11(A)(1), second degree felonies; two counts of felonious assault, R.C.2903.11(A)(2), second degree felonies; and one count of theft, R.C. 2913.02(A)(1), a fifth degree felony. Grayer pled guilty to one count of aggravated robbery, R.C. 2911.01(A)(1), a first degree felony; and two counts of felonious assault, R.C.2903.11(A)(1), second degree felonies. A nolle prosequi was entered on the remaining counts. After a presentence investigation and sentencing hearing, the trial court sentenced Grayer to serve ten years for aggravated robbery and eight years on each count of felonious assault, with the sentences to run concurrently. Grayer appeals from the trial court's sentencing entry raising two assignments of error:
 {¶ 4} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment by making findings under the applicable sentencing statute that were not supported by the record."
 {¶ 5} "[2.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on all charges."
 {¶ 6} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, 1. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 7} In his first assignment of error, Grayer argues that the trial court's findings do not support a term of imprisonment. We disagree.
 {¶ 8} R.C. 2929.13(D) provides:
 {¶ 9} "* * *, for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing * * *. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
 {¶ 10} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 11} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 12} Thus, in order to impose a community control sanction in the instant case the trial court was required to find that such a sanction would adequately punish Grayer, that Grayer was less likely to reoffend, and that such a sanction would not demean the seriousness of the offense, because Grayer's conduct was less serious than conduct normally constituting the offense.
 {¶ 13} To make this determination the trial court must look to the factors set forth in R.C. 2929.12(B)-(E). These sections provide in relevant part:
 {¶ 14} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 15} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 16} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 17} "(3) * * *.
 {¶ 18} "(4) * * *.
 {¶ 19} "(5) * * *.
 {¶ 20} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 21} "(7) * * *.
 {¶ 22} "(8) * * *.
 {¶ 23} "(9) * * *.
 {¶ 24} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 25} "(1) The victim induced or facilitated the offense.
 {¶ 26} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 27} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 28} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 29} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 30} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 31} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 32} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 33} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 34} "(5) The offender shows no genuine remorse for the offense.
 {¶ 35} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 36} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 37} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 38} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 39} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 40} "(5) The offender shows genuine remorse for the offense."
 {¶ 41} The record in the instant case supports the trial court's judgment. Grayer had previously been adjudicated a delinquent child. This adjudication resulted from Grayer's assault of a younger child. Grayer also had a demonstrated history of drug and alcohol abuse and was under the influence of marijuana laced with crack cocaine at the time he committed the offenses in the instant case. While Grayer's juvenile adjudication occurred four and one-half years prior to the instant offenses, given Grayer's young age, we cannot say that Grayer had led a law-abiding life for a significant number of years. The state's expert, Dr. Fabian, submitted a report in which he concluded that Grayer would likely violently re-offend.
 {¶ 42} Grayer argues that he showed remorse immediately following the crimes and that this militated against the sentences. While there is substantial evidence that Grayer was genuinely remorseful for his action, this evidence does not outweigh the evidence supporting the trial court's conclusion that Grayer is likely to reoffend.
 {¶ 43} The record also supports the trial court's finding that the instant offenses were more serious than conduct normally constituting the offenses.
 {¶ 44} The victims were fifty and seventy-eight years old at the time of the crimes. Ms. Burich had recently lost her husband and this made her more susceptible to mental injury. Burich testified that she was afraid to be alone and suffered from nightmares because of the attack. Burich also incurred serious physical injuries, including head injures. Mr. Severovich testified that he was afraid to board the elevator in his apartment building and suffered from nightmares. Severovich also suffered serious injuries, including significant hearing loss. Grayer's relationship with the victims facilitated the crimes. Grayer knew the operations of the Marc's store because of his employment. He knew Burich and Severovich. When Grayer and his cohorts entered the store, Grayer paged Burich to go to the cash room where the attacks occurred. The trial court also properly found that imposing community control sanctions would demean the seriousness of the offenses.
 {¶ 45} The trial court found that none of the factors set forth in R.C. 2929.12(C) applied to indicate that Grayer's conduct was less serious. Grayer argues that there was substantial evidence that he did not intend to cause physical injury and that there are substantial grounds to mitigate his conduct, i.e., his drug abuse and difficult upbringing. We disagree.
 {¶ 46} Grayer armed himself with a miniature baseball bat prior to entering the store. The victims were also threatened during the course of the robbery. Thus, there was substantial evidence that Grayer caused and expected to cause physical harm.
 {¶ 47} While the record shows that Grayer's father had abandoned him and that his mother suffered from drug addiction, this does not outweigh those factors discussed above that indicate that Grayer's conduct was more serious.
 {¶ 48} Appellant's first assignment of error is without merit.
 {¶ 49} In his second assignment of error, Grayer contends that the trial court erred in imposing maximum sentences because the evidence does not support the conclusion that he is likely to reoffend. We disagree.
 {¶ 50} R.C. 2929.14(C) provides in relevant part:
 {¶ 51} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 52} The trial court found that, pursuant to R.C.2929.14(C), appellant posed the greatest likelihood of recidivism. For the reasons discussed above, we cannot find, by clear and convincing evidence, that the record did not support Grayer's sentence. Appellant's second assignment of error is without merit.
 {¶ 53} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
O'Neill and Grendell, JJ., concur.